UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL D. FISH                                        CIVIL ACTION

versus                                                NO. 13-472

JAMES M. LEBLANC                                      SECTION: "C" (1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Darryl D. Fish, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On August 12, 1999, he pleaded guilty in state court to possession of over sixty pounds but less than two thousand pounds of marijuana. On that same date, he was sentenced to a term of ten years imprisonment.[1] It appears that he was then released on parole in December of 2001.[2]

---

[1] State Rec., Vol. I of I, minute entry dated August 12, 1999; State Rec., Vol. I of I, guilty plea form.

[2] See State Rec., Vol. I of I, "Motion and Plea of Guilty."

However, in 2008, petitioner was arrested on federal charges and sent to federal prison.[3] While he was incarcerated in federal prison, Louisiana parole authorities lodged a detainer asking to be notified in advance of his release from federal custody.[4]

It appears that petitioner's state parole was subsequently revoked and that he has now been returned to Louisiana state custody to serve the remainder of his state sentence.

On February 17, 2013, petitioner filed the instant application for federal *habeas corpus* relief.[5] His petition is rambling and convoluted; however, the gist of the petition appears to be that his rights were violated when he was "resentenced" following revocation of his parole.

In its response in this proceeding, the state argues that petitioner's federal application should be dismissed on the grounds that he has not exhausted his remedies in the state courts.[6] The state is correct.

Where, as here, an individual is confined by state authorities, he must first exhaust his remedies in the state courts before seeking *habeas corpus* relief in the federal courts. 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies in *habeas corpus* actions brought pursuant to § 2254); see also Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in *habeas corpus* actions brought pursuant to 28 U.S.C. § 2241); Dickerson v.

---

[3] See State Rec., Vol. I of I, "Motion and Plea of Guilty." A review of the records available on PACER reflects that petitioner pleaded guilty in the Western District of Texas to possession with intent to distribute fifty kilograms or more of marijuana and was sentenced to a term of fifty-four months imprisonment. United States v. Fish, Crim. Action 08-2981 (W.D. Tex.).

[4] State Rec., Vol. I of I, Letter from Terry Sanders to Pollock USP dated April 5, 2010.

[5] Rec. Doc. 3.

[6] Rec. Doc. 11.

Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same).  Further, as the United States Fifth Circuit Court of Appeals has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).[7]

In the instant case, the state has provided verification from the Louisiana Supreme Court that petitioner filed no writ applications with that court concerning his current confinement.[8] Moreover, in a telephone call placed by this Court on June 7, 2013, the Clerk of the Louisiana Supreme Court confirmed that petitioner has in fact filed no writ applications whatsoever with that court.  Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon petitioner's claims, those claims are not exhausted, and therefore federal *habeas corpus* relief is not warranted.

---

[7] The Court notes that petitioner argues that he should be excused from the exhaustion requirement because "[t]here is an absence of available State corrective processes ...." Rec. Doc. 3, p. 5. However, his instant claims appear to relate to violations which allegedly occurred when his parole was revoked, and, as was explained to him by a judge in the Louisiana Twenty-Fourth Judicial District Court, the state has formal processes for challenging decisions concerning parole. State Rec., Vol. I of I, Order dated February 2, 2012; see Bertrand v. Louisiana Parole Board, 960 So.2d 979 (La. App. 1st Cir. 2007); see also La.Rev.Stat.Ann. §§ 15:571.15 and 15:574.2(B)(2).

[8] Rec. Doc. 11-1.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Darryl D. Fish** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this eleventh day of June, 2013.

 **SALLY SHUSHAN**
 **UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.